UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LONG ISLAND BOTTLE GAS SUPPLY
and SERVICE CORP.,
                      Plaintiff,

          -against-

TOWN OF SMITHTOWN,

                      Defendant.
------------------------------------------------------------X

**MEMORANDUM OF DECISION
AND ORDER**
01-CV-2341 (DRH)(WDW)

**APPEARANCES:**

**For the Plaintiff:**
**William Diament**
173 Woodbrook Road
White Plains, New York 10605

**For the Defendant:**
**Yvonne Lieffrig**
99 West Main Street
Post Office Box 575
Smithtown, New York 11787

**HURLEY, District Judge:**

       Plaintiff Long Island Bottle Gas Supply and Service Corp. ("Plaintiff") commenced this action on April 17, 2001, seeking a declaratory judgment that two sections of the Town Code for the Defendant Town of Smithtown ("Defendant") are void, invalid, and preempted by federal law, and seeking monetary damages for expenses Plaintiff incurred while complying with these laws. Presently before the Court are the motions by Plaintiff and Defendant for summary judgment. For the reasons that follow, both motions are denied.

## BACKGROUND

       The following facts are undisputed. Plaintiff is a corporation engaged in the business of

transporting and delivering liquid propane gas and is headquartered in the Town of Bayshore. Plaintiff alleges that it suffered money damages resulting from the existence and enforcement of two provisions under Defendant's Code: section 164-108 (concerning transportation and permits) and section 164-109 (entitled "Certificate of Fitness"). Essentially, Plaintiff claims that these provisions, which required the payment of annual fees, the inspection of vehicles, and the approval of the qualifications of drivers by the Town of Smithtown, imposed unduly duplicative and burdensome requirements and fees upon Plaintiff insomuch as they were invalid and preempted by the Federal Hazardous Material Transportation Law ("HMAT"). Plaintiff seeks a declaratory judgment that sections 164-108 and 164-109 of the Town Code are null and void, and damages in an amount of $100,000.[1]

On June 1, 2001, Defendant applied for a preemption determination from the United States Department of Transportation Research and Special Programs Administration ("DOT-RSPA"), regarding the validity of sections 164-08 and 164-109. By order dated March 29, 2002, the DOT-RSPA ruled that HMAT preempts:

> (1) [t]he requirement in Section 164-108 of the Smithtown Town Code for a permit to deliver liquefied petroleum gas (LPG) within the Town of Smithtown with respect to trucks that are based outside of Smithtown because it is not possible to schedule and conduct an inspection of the truck (required for a permit) without causing unnecessary delays in the transportation of hazardous materials from locations outside Smithtown.

> (2) the requirement in Section 164-109 of the Smithtown Town Code for a certificate of fitness insofar as that requirement is applied to a motor vehicle driver who sells or delivers LPG,

---

[1] The original Complaint in the Court file alleges damages in an amount exceeding $100,000; however, the 100 is crossed out in ink and a "150" has been inserted above. (Compl. § 26.) It is unclear to the Court whether this was done by Plaintiff.

because Section 164-109 imposes on drivers of motor vehicles
used to deliver LPG more stringent training requirements than
provided in the [Hazardous Materials Regulations].

Town of Smithtown, N.Y. Ordinance on Transp. Of Liquefied Petroleum Gas, 67 Fed. Reg. 61, 15276 (Dep't Transp. Mar. 29, 2002).

On July 23, 2002, Defendant filed a motion to dismiss the case as moot based upon the DOT-RSPA's preemption determination, stating that it intended to amend the relevant sections of its Town Code to be in conformance with the ruling. By Memorandum of Decision and Order dated November 5, 2003, the Court denied Defendant's motion, finding that on the papers before it, it was unable to determine whether the Town Code was in fact amended.[2] (Mem. of Decision and Order, dated Nov. 5, 2003, at 4.) The Court further noted that even if Defendant had amended its Code in compliance with the federal ruling, the issue of Plaintiff's monetary damages remained and thus, "Plaintiff's complaint states a live case or controversy." (*Id.*)

On September 24, 2002, the Town amended sections 164-108 and 164-109 of its Code in accordance with the DOT-RSPA ruling.

## DISCUSSION

Plaintiff's Complaint seeks two forms of relief: (1) a judgment which declares that Sections 164-08 and 164-109 are invalid and preempted by federal law; and (2) monetary damages incurred as a result of compliance with those laws. Plaintiff moves for summary

---

[2] The Court notes that on August 20, 2002, Plaintiff settled its claims with former defendant Town of Brookhaven only but the case was inadvertently closed in its entirety. Upon application of Plaintiff, the case was later reopened as to Defendant Town of Smithtown. (*See* May 5, 2003 Order.)

-3-

judgment on its declaratory judgment claim only, arguing that the DOT-RSPA's ruling that portions of Defendant's Code are preempted is the law of the case. Defendant opposes Plaintiff's motion, arguing that Plaintiff is not entitled to summary judgment on its declaratory judgment claim because the issue is now moot. Defendant also moves for summary judgment on Plaintiff's claim for damages, arguing that Plaintiff has failed to raise a genuine issue of material fact. The Court will address the parties' arguments in turn.

*I.    Mootness*

A "case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "The required legally cognizable interest has alternatively been described as a requirement that a plaintiff have a 'personal stake' in the litigation." *Fox v. Board of Trustees of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (citations omitted). Here, Plaintiff's cause of action for a declaratory judgment as to the validity and preemption of sections 164-108 and 164-109 was mooted by the DOT-RSPA's preemption determination and Defendant's subsequent amendment of its Code to comply therewith. *See Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (case mooted by substantial amendment of challenged regulations). Because Plaintiff's claim is now moot, declaratory relief is no longer available. Thus, Plaintiff's motion for summary judgment on its declaratory judgment claim is denied.

This does not end the Court's inquiry, however. The Second Circuit has repeatedly held that claims for damages or other monetary relief avoids mootness of the action. *See Van Wie v. Pataki*, 267 F.3d 109, 115 n.4 (2d Cir. 2001) ("[H]ad the plaintiffs sought money damages in addition to their request for injunctive relief, this controversy would not be moot.");

*Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999) (stating that a claim for damages will avoid mootness where "plaintiffs originally requested damages in their complaint"); *Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993) ("[A] viable claim for damages generally avoids mootness of the action."). Because Plaintiff has asserted a claim for damages in its Complaint arising out of Defendant's alleged enforcement of portions of its Code later found to be preempted, Plaintiff has a legally cognizable interest in the outcome of the litigation and its damages claim is not moot. *See, e.g., Sugarman v. Village of Chester*, 192 F. Supp. 2d 282, 290-91 (S.D.N.Y. 2002) (finding that action challenging constitutionality of municipal ordinances regulating posting of political signs was not moot because election had passed, where candidate asserted proper claim for nominal damages for alleged constitutional violation); *Davis v. Goode*, 995 F. Supp. 82, 87 (E.D.N.Y. 1998) (finding that student's receipt of passing grade in course he had originally failed, and his subsequent graduation from law school, did not moot his claims for damages for alleged equal protection violations arising out of grading and administrative appeal process); *Schlembach v. Empire Blue Cross and Blue Shield*, No. 97 Civ. 4499, 1998 WL 817686, at * 3 (E.D.N.Y. Feb. 18, 1998) (finding that plaintiff's action to recover benefits was not mooted by payment of refund where plaintiffs requested damages in the form of pre-judgment interest). Thus, the question becomes whether Plaintiff's damages claim survives summary judgment. The Court finds that it does.

## II. Damages

Summary judgment is appropriate if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wilkinson v. Russell*, 182 F.3d 89, 96-97 (2d Cir. 1999); *In re Blackwood Assocs., L.P.*, 153 F.3d 61, 67 (2d Cir. 1998). The Court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir. 1995); *Twin Labs., Inc. v. Weider Health & Fitness*, 900 F.2d 566, 568 (2d Cir. 1990). At its core, the Court's function in deciding a motion for summary judgment is "issue finding," not "issue resolution." *Gallo v. Prudential Residential Services*, 22 F.3d 1219, 1224 (2d Cir. 1994).

Here, Defendant claims that it is entitled to summary judgment on Plaintiff's damages claim because "discovery has concluded and the plaintiff has failed to demonstrate via pleadings, answers to interrogatories and admissions and affidavits that there is any issue of material fact with respect to damages." (Def.'s Mem. in Supp. at 7.) Defendant attaches Plaintiff's Response to Demand for Admissions in which Plaintiff admits that there are no payment records, books of account, vehicle logs, employee logs, or sales records in existence to support its damages claims. (Def.'s Notice of Mot. Ex. I.) In this discovery response, dated May 28, 2004, Plaintiff does state, however, that there may be "expense documentation" supporting damages, however, it will not know for certain until discovery is completed. (*Id.* ¶ 3.) Plaintiff also denies that "there are no other records of any kind in existence to support Plaintiff's damages." (*Id.* ¶ 8.) Although discovery is now complete, Plaintiff has not submitted any documentary evidence on damages with respect to the instant motions; thus, the Court is unable to determine whether any such documents exist.

In opposition to Defendant's motion, Plaintiff submits the sworn affidavit of Louis Sabarese, the President of Plaintiff. (Aff. in Supp. of Pl.'s Mot. For Summary J. Ex. B.)

In his affidavit, Mr. Sabarese states that from the passage of HMAT to the commencement of this action in 2001, Plaintiff maintained on average eleven vehicles specifically equipped to deliver and transport liquid propane gas. (Decl. of Louis Sabarese, dated Feb. 2, 2005, ¶ 9.) Over this period of time, Plaintiff employed approximately 200 drivers who were subject to Defendant's certification for fitness at a cost to Plaintiff of approximately $35,000 ($175.00 per driver). (*Id.* ¶¶ 9, 11.) He further states that each driver had to expend four hours away from work in order to have the vehicles inspected, at an approximate total cost of $20,000 ($25.00 per hour multiplied by 800 hours). (*Id.* ¶ 12.) Defendant does not address Mr. Sabarese's statements.

Plaintiff also submits a letter by its counsel to Defendant's attorney, dated June 7, 2004, wherein Plaintiff's counsel states that it has just located a large "cache" of documents at Plaintiff's office, a large portion of which seems to be discoverable, and that Defendant would be invited to examine them after Plaintiff has had a chance to organize them. (*Id.* Ex. B.) In his affirmation in support of the instant motion, Plaintiff's attorney further states that this letter was followed up by telephone calls between counsel but that Defendant's attorney never examined the documents. (*Id.* ¶ 33.)

Based on the above, the Court finds that Defendant has not sustained its burden of establishing that there is no genuine issue of material fact as to damages. Defendant has failed to proffer, and the Court is unaware of, any requirement that damages be proven by documentary evidence. In fact, several courts have concluded otherwise. *See Osrecovery, Inc. v. One Groupe Int'l, Inc.*, No. 02 Civ. 8993, 2005 WL 1828726, at *2 (S.D.N.Y. Aug. 1, 2005) (rejecting per se rule of requiring documentation for damages); *Elec. Servs. Int'l, Inc. v. Silvers*, 726 N.Y.S.2d

441, 442 (2d Dep't 2001) ("Proof of damages may be based solely on oral testimony as long as the witness has knowledge of the actual costs."); *see also Lykes Lines Ltd. v. M/V BBC SEALAND*, 398 F.3d 319, 327 (5th Cir. 2005) (finding no error in award of damages based upon oral testimony). Accordingly, Defendant's motion for summary judgment as to damages is denied.

## CONCLUSION

For the foregoing reasons, the motions by Plaintiff and Defendant for summary judgment are DENIED. The parties are directed to appear before the undersigned for a pretrial conference on October 21, 2005, at 2:30 p.m., to determine whether this case can be resolved. If the case is not resolved at that time, the Court will schedule a trial date.

**SO ORDERED.**

Dated: Central Islip, N.Y.
August 10, 2005

/s_____
Denis R. Hurley,
United States District Judge